UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO ERICK SCALANT,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT ENRICO, et al.,<br><br>Defendants. | Case No.  24-cv-04516-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

Alberto Scalant, a detainee at Santa Cruz County Jail, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  The amended complaint was dismissed with leave to amend, and Plaintiff filed a second amended complaint.  The second amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).  The second amended complaint is DISMISSED with leave to file a third amended complaint on or before **May 15, 2025**.  No further amendments will be permitted.  Failure to file a third amended complaint that cures the defects identified in this order by May 15, 2025, or a failure to comply with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that his due process rights were violated at a disciplinary hearing, and he was subject to retaliation for his protected conduct. Each claim is addressed in turn.

**B.     Due Process Claim**

To assert a viable due process claim, a pretrial detainee must show that the alleged deprivation either (a) amounts to punishment or (b) implicates a liberty interest arising from a state statute or regulation that sets forth "'substantive predicates' to govern official decision making" and a specific directive to the decisionmaker that mandates a particular outcome if those substantive predicates have been met. *See Bell v. Wolfish*, 441 U.S. 520, 537-38 (1979) (discussing tests traditionally applied to determine whether governmental acts are punitive in nature); *Hewitt v. Helms*, 459 U.S. 460, 472 (1983); *Kentucky Dep't of Corrections v. Thompson*,

2

490 U.S. 454, 461 (1989).[1]  If the alleged deprivation does not amount to punishment and there is no state statute or regulation from which the interest could arise, no procedural due process claim is stated, and the claim must be dismissed.  *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).

Plaintiff states that his cell was searched and illegal alcohol was found, but the deputy who conducted the search left the alcohol in the cell and failed to confiscate it.  Despite leaving the alcohol in the cell, the deputy issued plaintiff a disciplinary write-up for possessing the alcohol.  Plaintiff was found guilty at a disciplinary hearing and lost commissary privileges.  It appears that Plaintiff argues that he should have been found not guilty at the disciplinary hearing because the deputy left the alcohol in the cell.  While it seems unwise to allow a detainee to possess contraband alcohol, the allegation that the deputy left the alcohol in the cell falls short of a constitutional violation and does not state a federal claim.  Plaintiff was provided multiple opportunities to demonstrate a violation of his rights at the disciplinary hearing, but he has again failed to present a federal claim.

Even if there was a violation of Plaintiff's rights at the disciplinary hearing, the loss of commissary privileges, standing alone, does not meet the legal definition of punishment necessary to support a constitutional violation under *Bell*.  *See Bell*, 441 U.S. at 539 n.21 (defining "punishment" in terms of intent but noting that there is "a de minimis level of imposition with which the Constitution is not concerned") (quoting *Ingraham v. Wright*, 430 U.S. 651, 674 (1977)); *Wright v. Gutierrez*, 2012 WL 1570619, at *9 (C.D. Cal. Apr. 3, 2012) (dismissing a pretrial detainee's procedural due process claims because the plaintiff did not have a protected liberty interest "in the temporary, de minimis loss of canteen and other privileges (making phone calls, attending various merit program rehabilitative classes, exercising, etc.) that

---

[1] The test commonly applied to deprivations of a protected liberty interest under the Due Process Clause is *Sandin v. Conner*, 515 U.S. 474 (1995).  However, *Sandin* applies only to claims brought by convicted prisoners.  The pre-*Sandin* test applies to pretrial detainees as to whom no determination of guilt has been made.  *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1041 n.3 (9th Cir. 2002).

do not constitute constitutional violations"). Nor does Plaintiff identify a qualifying state statute or regulation that would give rise to a constitutionally protected liberty interest in his commissary privileges. Because no amount of further amendment would cure the deficiencies of this due process claim, it is dismissed without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure deficiencies by amendment).

### C.    Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *see also Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). Plaintiff must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Plaintiff states that he has been subject to retaliation since filing another civil rights case in 2023 and jail grievances. He alleges that the search of his cell described above was performed in response to his lawsuit, and other cell searches were in response to the filing of jail grievances. He alleges that he was moved to a different housing unit and other detainees were allowed to leave their cells more often than Plaintiff, as a form of retaliation. Plaintiff further contends that his meals were delayed, his legal mail was returned and not sent, he was denied phone calls, his medication was changed, and certain features on his electronic tablet were affected, all in

retaliation for his protected conduct.

Plaintiff was previously informed that simply stating that Defendants retaliated against him for filing grievances, without additional factual allegations supporting that inference, was insufficient. He must identify the specific Defendants and describe their actions and what facts support the inference that his protected conduct was a substantial or motivating factor for the alleged retaliatory action. Plaintiff has only partially complied. In this second amended complaint, Plaintiff describes numerous incidents of retaliation attributed to unidentified Defendants. He identifies a few individual Defendants but does not present specific allegations to demonstrate that those incidents were in retaliation for protected conduct. Plaintiff argues that Defendant Enrico was ultimately responsible for all the retaliation and was using other deputies to silence Plaintiff. However, Plaintiff still fails to specifically describe incidents where Defendant Enrico took an adverse action against him because of Plaintiff's protected conduct.

Plaintiff will be provided a final opportunity to amend his retaliation claim. It is insufficient to list numerous adverse actions taken against him and conclude they are all the result of retaliation for his grievances orchestrated by Defendant Enrico. For each alleged incident of retaliation, he must identify (a) the specific Defendant(s), (b) the date of the incident, (c) the Defendant's specific actions in the incident that constituted retaliation, (d) the facts that show the actions were taken in retaliation for his filing of a lawsuit, grievance, or other protected conduct, and (e) the grievance that he filed concerning the retaliatory act and its result.

## CONCLUSION

The second amended complaint is DISMISSED with leave to file a third amended complaint correcting the deficiencies in his retaliation claim on or before **May 15, 2025**. The third amended complaint must include the caption and civil case number used in this order (24-4516 RFL (PR)) and the words THIRD AMENDED COMPLAINT on the first page. The third amended complaint must also appear on this Court's form, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the

defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file a third amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 15, 2025

RITA F. LIN
United States District Judge