UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO ERICK SCALANT,<br><br>  Plaintiff,<br><br>v.<br><br>SCOTT ENRICO,<br><br>  Defendant. | Case No. 24-cv-04516-RFL<br><br>**ORDER**<br>Re: Dkt. Nos. 22, 24 |

Alberto Scalant, a detainee proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The sole Defendant in this case filed a motion for summary judgment on November 14, 2025. (Dkt. No. 23.) Plaintiff has not filed an opposition but did file a motion to appoint counsel. (Dkt. No. 24.)

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis* as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff argues that this case is complex, and he will have difficulty prosecuting the action due to his confinement. (Dkt. No. 24 at 1.) These circumstances are not sufficiently

2

"exceptional" to warrant appointment of counsel at this time.  The Court determines that this action does not present complex legal issues, and Plaintiff has ably prosecuted this case and several other actions in this Court.  It is too early in this litigation for the Court to determine the likelihood of success on the merits.  The motion is denied without prejudice.

By **February 5, 2026**, Plaintiff shall file an opposition to the motion for summary judgment.  The motion to appoint counsel (Dkt. No. 24) is DENIED without prejudice.  Defendant's motion (Dkt. No. 22) to remove his incorrectly filed motion for summary judgment is GRANTED, and the Court and the parties will review the properly filed motion.

It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 5, 2026

RITA F. LIN
United States District Judge