UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALBERTO ERICK SCALANT,

　　　　　Plaintiff,

　　v.

SCOTT ENRICO,

　　　　　Defendant.

Case No. 24-cv-04516-RFL

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 23

## INTRODUCTION

Plaintiff Alberto Scalant alleges in his 42 U.S.C. § 1983 action that a sergeant at Santa Cruz County Jail, Defendant Scott Enrico, retaliated against him due to his protected conduct. Defendant moves for summary judgment on the grounds that there is no genuine dispute as to any material fact and Plaintiff failed to exhaust administrative remedies for the claims against him. Plaintiff filed an opposition that somewhat discusses the merits of the claims and only briefly addresses administrative exhaustion.

Defendant's summary judgment motion is GRANTED. Defendant has presented undisputed evidence that an administrative grievance system was available and capable of use — in fact, Plaintiff made use of it many times at the jail. Defendant also presented undisputed evidence that Plaintiff did not file any grievance regarding the claims in this case. Plaintiff's conclusory allegations in the opposition that he exhausted without any specific detail or explanation is insufficient.

## BACKGROUND

Plaintiff, a Santa Cruz County detainee, alleges that he was subject to retaliation orchestrated by Defendant since filing another civil rights case in 2023 and multiple jail

1

grievances. (Dkt. No. 10 at 2-3). He alleges that his cell was searched in retaliation for his other civil rights case and contraband was found, which resulted in a disciplinary hearing that was adjudicated by Defendant. (*Id*. at 4.) Plaintiff filed a grievance in June 2024 regarding the search and hearing, which allegedly resulted in additional retaliation from Defendant in the form of commissary restrictions, cell searches, cell transfers, and denying outside time. (*Id*. at 4, 6, 20.) These retaliatory acts were allegedly either performed by Defendant or at his instruction. (*Id*. at 3, 6.) Defendant also allegedly retaliated against Plaintiff after filing the other case in 2023. (*Id*. at 12.) Plaintiff states that he was transferred to a different cell, was denied meals, was placed near dangerous gang members in a housing unit where the doors did not lock, and he was subject to more cell searches by Defendant. (*Id*. at 10, 12, 18.) In addition, Plaintiff alleges that he was subject to retaliation when his meals were delayed, his legal mail was returned and not sent, he was denied phone calls, his medication was changed, and certain features of his electronic tablet were affected. (*Id*. at 14, 16, 28.)

During the relevant time, detainees at Santa Cruz County Jail ("Jail") had the ability to file grievances with jail staff and to appeal grievance decisions. (Motion for Summary Judgment (MSJ), Kennedy Decl., Dkt. No. 23-6 ¶¶ 4, 6.) Once a detainee files a grievance, Jail staff will investigate the grievance and provide the results of the investigation to the detainee. (*Id*. ¶ 5.) The detainee can appeal the Jail's findings to the facility manager. (*Id*. ¶¶ 7, 9.) This is called the first level appeal, and Jail staff investigate the appeal and provide the results to the detainee. (*Id*.) A detainee may appeal the finding of the first level, by filing an appeal to the chief deputy. (*Id*. ¶ 10.) This is the second and final level of the appeals process. (*Id*. ¶¶ 10-11.)

Between 2022 to 2025, Plaintiff filed approximately 86 grievances. (MSJ, Dkt. No. 23-7, Ex. D at 1-225.)[1] None of these grievances specifically alleged that Defendant retaliated against Plaintiff as described above. (*Id*.) The Court reviewed all the grievances and found two that identify Defendant and allegations that could conceivably be related to his involvement in this

---

[1] The Court refers to the Bates-stamped page numbers for this exhibit.

case. (*Id*. at 118-23.)

On November 12, 2024, Plaintiff submitted Grievance 7674. (*Id*. at 118.) In summary, he stated the following: Some of the jail officers have something against him, including Defendant, and that Defendant was provoking him, and telling others to retaliate against him. (*Id*. at 119.) On October 23, 2024, Defendant told mental health staff to come talk to Plaintiff. (*Id*. at 120.) Mental health staff came to Plaintiff's cell but just asked to look in the cell and did not ask Plaintiff anything about his mental health. (*Id*.) There was some miscommunication between Defendant and the mental health staff or just between mental health staff members. (*Id*.) On November 4, 2024, Defendant made fun of him, and Plaintiff inquired if Defendant has "something against me?" (*Id*.)

On January 15, 2025, Plaintiff submitted Grievance 8023. (*Id*. at 121.) He stated that Defendant was abusing his authority and violating Plaintiff's constitutional rights. (*Id*. at 122.) The grievance and appeals provide no other specific allegations or information. (*Id*. at 121-23.)

In his opposition, Plaintiff cites to one grievance, though he does not describe its relevance or how it exhausted his claims against Defendant. (Dkt. No. 28 at 4.) On June 12, 2024, Plaintiff submitted Grievance 6471. (MSJ, Dkt. No. 23-7, Ex. D at 79-80.) Plaintiff stated that on June 12, 2024, he ordered commissary but did not receive anything. (*Id*. at 80.) Plaintiff was informed by a non-defendant that he was restricted from using the commissary due to a disciplinary violation for possession of an intoxicant after he was found guilty at a hearing. (*Id*.) The only reference to Defendant in the grievance was that he conducted the disciplinary hearing that led to the commissary restriction. (*Id*.)

## STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

The Ninth Circuit has held that *pro se* inmates are exempted from the rule providing that non-prisoner *pro se* litigants must comply strictly with the summary judgment rules. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). "We have, therefore, held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Id*. While *Ponder* relieves *pro se* inmates from strict compliance with summary judgment rules, it does not entirely release them from any obligation to identify or submit at least some competent evidence in support of their claim. *Soto v. Sweetman*, 882 F.3d 865, 873 (9th Cir. 2018) (Plaintiff not entitled to equitable tolling because

4

he failed to submit any declaration, affidavit or other competent evidence in his opposition to summary judgment; and first raised the issue in response to the district court's show cause order).  It is not the task of the district court to scour the record in search of a genuine issue of triable fact.  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

## DISCUSSION

Prisoners must exhaust their administrative remedies before filing suit in federal court, as mandated by the Prison Litigation Reform Act.  *Ross v. Blake*, 578 U.S. 632, 638-641 (2016); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A prisoner is required to exhaust the grievance procedures that are "capable of use" to obtain "some relief for the action complained of."  *Blake*, 578 U.S. at 642 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2006)).  Unless the administrative process is not available, "the PLRA's text suggests no limits on an inmate's obligation to exhaust — irrespective of any 'special circumstances.'"  *Id.* at 639.  "[T]hat mandatory language means a court may not excuse a failure to exhaust."  *Id.*

The prison's requirements define the boundaries of proper exhaustion.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules."  *Ngo*, 548 U.S. at 90.  The exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Id.* at  84.

The defendant bears the burden of proving that an administrative remedy was available to the prisoner and that he failed to exhaust such remedy.  *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).  "Once the defendant has carried that burden, the prisoner has the burden of production.  That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Id.*

Defendant has presented undisputed evidence that an administrative remedy was available to Plaintiff.  In fact, the evidence shows that Plaintiff made use of the administrative grievance process approximately 86 times between 2022 and 2025, so he was aware of the procedures.  Defendant presented evidence that none of the grievances filed by Plaintiff related to Defendant retaliating against Plaintiff as described in the complaint.

In his opposition, Plaintiff only presents general conclusory allegations stating that he exhausted available administrative remedies and all the grievances he filed with the Jail demonstrate retaliation.  Dkt. No. 27 at 2; Dkt. No. 28 at 4.  However, he provides no details of how he exhausted his remedies, nor does he address Defendant's assertions that he did not file any grievances related to Defendant and the retaliation in this case.  Plaintiff does not cite to any specific grievance or describe how it exhausted the claims against Defendant.  While some of the grievances describe the retaliation in this case, there is no mention of Defendant's involvement. To the extent any of Plaintiff's 86 grievances could have been related to this case, it was Plaintiff's responsibility to present arguments and cite the evidence.  Even though Plaintiff is proceeding *pro se* while incarcerated, he still must identify or submit at least some competent evidence in his opposition.  *See Soto*, 882 F.3d at 873.  It is not the Court's responsibility to scour the record in search of a genuine issue of triable fact.  *See Keenan*, 91 F.3d at 1279.

Plaintiff does identify one grievance, discussed above, but fails to describe how it exhausted the claims in this case or how it is relevant.  It is undisputed that Grievance 6471 concerned the denial of commissary items on the basis that Plaintiff was disciplined for possessing an intoxicant.  The only reference to Defendant in the grievance was that he conducted the disciplinary hearing that led to the commissary restriction.  The grievance did not discuss retaliation or any other allegations in this case.

In *Griffin v. Arpaio*, 557 F.3d 1117 (9th Cir. 2009), the Ninth Circuit noted that "the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution." *Id*. at 1120.  In *Griffin*, the plaintiff failed to mention in his grievance that prison staff were ignoring a nurse's order that would have remedied the problem.  *Id*. at 1118-19.  As a result, the

6

prison officials who were aware of the nurse's order reasonably believed that the order had solved the problem. The Ninth Circuit concluded that the plaintiff failed to properly exhaust his administrative remedies because he did not provide notice of the prison staff's alleged disregard of the nurse's order, so the prison was never alerted "to the nature of his problem" and thus could not take responsive measures to address it. *Id*. at 1121; *see also Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (grievance that complained of visitation restrictions, and did not mention an assault or theorize that the visitation restriction imposed was related to the assault, was insufficient to put prison officials on notice that staff misconduct contributed to the assault); *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (even with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA). Similar to these cases, this grievance failed to sufficiently alert jail officials to the retaliation claims raised in this case such that appropriate responsive measures could be taken.

While Plaintiff failed to discuss specific grievances, the Court reviewed his numerous grievances to determine if any were applicable to this case. Yet, the two grievances identified by the Court that are somewhat related likewise fail to exhaust Plaintiff's claims. In Grievance 7674, Plaintiff stated that some of the jail officers have something against him, including Defendant, and that Defendant was provoking him, and telling others to retaliate against him. But Plaintiff's only example was a miscommunication regarding Defendant telling mental health staff to speak to Plaintiff. That does not contain enough information to exhaust Plaintiff's claims that there was an ongoing pattern of retaliation for two years manifested in the numerous ways described in the complaint. This grievance failed to alert jail staff to such conduct to permit them to address the concerns at issue. *See Griffin*, 557 F.3d at 1121.

Similarly, Grievance 8023 does not exhaust these claims. In that grievance, Plaintiff stated that Defendant was abusing his authority and violating Plaintiff's constitutional rights. However, he provided no other information in the grievance describing how Defendant was

7

violating his rights or that there was retaliation.  This too fails to exhaust his claims.  Defendant has met his burden by demonstrating that there was an administrative remedy available to Plaintiff and that he failed to exhaust such remedy.

Plaintiff's opposition only briefly discusses exhaustion, and he fails to address any of the specific arguments and the evidence presented by Defendant.  He does not even attempt to demonstrate that he exhausted administrative remedies.  His conclusory allegations are insufficient.  Nor has he presented any evidence or arguments to meet his burden showing that there was something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.  Accordingly, Defendant's motion for summary judgment is GRANTED.[2]

## CONCLUSION

Defendant's motion for summary judgment is GRANTED.[3]  (Dkt. No. 23.)  The Clerk shall terminate Dkt. No. 23, enter judgment in favor of Defendant, and close the file.

**IT IS SO ORDERED.**

Dated: February 19, 2026

_____
RITA F. LIN
United States District Judge

---

[2] Defendant's motion to strike Plaintiff's opposition declaration, for failing to participate in the deposition, is DENIED.  (Dkt. Nos. 28, 29).  Because Plaintiff is proceeding *pro se* while incarcerated and was concerned about self-incrimination for his pending criminal case at the deposition, the Court has reviewed the declaration.  Even considering the arguments, Plaintiff failed to exhaust administrative remedies.  Plaintiff is informed that he must participate in depositions in his other cases in this Court and failure to participate could result in sanctions.

[3] Because summary judgment is granted on exhaustion grounds, this order does not reach Defendant's remaining arguments on the merits.